ECKERT SEAMANS CHERIN & MELLOTT, LLC
David V. Mignardi, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
T: (914) 949-2909
F: (914) 949-5424
dmignardi@eckertseamans.com

*Attorneys for Plaintiff-Secured Creditor*

*Deutsche Bank National Trust Company,
as Trustee for WaMu Mortgage Pass-Through
Certificates Series 2006-ARS Trust*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>　　FERN JOY CIRAOLO,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br><br><br>Case No.: 15-74084-AST |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-ARS TRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>FERN CIRAOLO, WASHINGTON MUTUAL BANK, KMZR, and DAVID CIRAOLO,<br><br>　　　　　　　　　　Defendants. | Adv. Pro. No. 15-08304-AST |

**REPLY BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-ARS TRUST
<u>TO THE DEBTOR'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE</u>**

Plaintiff-secured creditor Deutsche Bank National Trust Company, as Trustee for WaMu

Mortgage Pass-Through Certificates Series 2006-ARS Trust (the "Trust"), by its attorneys,

Eckert Seamans Cherin & Mellott, LLC, submits the instant reply to the response of defendant-debtor Fern Ciraolo (the "Debtor") to the Court's Order to Show Cause, dated December 17, 2015 (the "OSC"), wherein the Debtor was directed to show cause as to why the Court should not abstain from hearing this adversary proceeding and/or remand same to the Supreme Court of New York, Nassau County, as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

1. On February 19, 2008, the Trust commenced an action styled *Deutsche Bank National Trust Company v. Fern Ciraolo, et al* in the Supreme Court of New York, Nassau County (the "State Court") under Index No. 3091/2008 (the "Foreclosure Action") to foreclose upon a consolidated mortgage executed by the Debtor that secured a $1,225,000.00 consolidated note against the real property commonly known as 1313 Harbor Road, Hewlett Harbor, New York 11557 (the "Property"), which mortgage and note were transferred to the Trust.

2. Within the Foreclosure Action, the Debtor interposed an Answer dated April 4, 2008, which was subsequently stricken by the Honorable Thomas A. Adams, J.S.C. in an Order Granting Summary Judgment dated August 4, 2008 and entered in the Nassau County Clerk's Office on August 7, 2009. A copy of the Order Granting Summary Judgment is annexed hereto as **Exhibit** "**A**".

3. Upon subsequent application by the Trust in the Foreclosure Action, the Honorable Thomas A. Adams, J.S.C. issued a Judgment of Foreclosure and Sale, dated April 20, 2010 and entered in the Nassau County Clerk's Office on April 29, 2010, in favor of the Trust. A copy of the Judgment of Foreclosure and Sale is annexed hereto as **Exhibit** "**B**".

4. On July 12, 2010, the Debtor filed Chapter 7 Bankruptcy Petition No. 10-75388-AST in the United States Bankruptcy Court, Eastern District of New York wherein the Debtor

received a discharge under Section 727 of the Bankruptcy Code pursuant to the Order of the Honorable Alan S. Trust, U.S.B.J., dated October 13, 2010, a copy of which is annexed hereto as **Exhibit** "**C**".

5. By Notice of Appeal dated September 1, 2015, the Debtor appealed the Judgment of Foreclosure and Sale to the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, which appeal, upon information and belief, has not yet been perfected. A copy of the Notice of Appeal is annexed hereto as **Exhibit** "**D**".

6. The Debtor did not obtain a temporary restraining order from the Appellate Division to stay the Trust's prosecution of the Foreclosure Action pending a determination of said appeal. As such, the Trust noticed the public auction of the Property for September 29, 2015. A copy of the Notice of Sale memorializing same is annexed hereto as **Exhibit** "**E**".

7. Six (6) days prior to the scheduled auction date, the Debtor presented an Order to Show Cause to the State Court for signature. Same was ultimately signed but the Honorable R. Bruce Cozzens, Jr., J.S.C., struck the provision thereof whereby the Debtor sought a temporary restraining order staying the Trust's consummation of the public auction of the Property. A copy of said Order to Show Cause is annexed hereto as **Exhibit** "**F**".

8. As a result, and on September 25, 2015, four (4) days prior to the scheduled auction date, the Debtor filed Chapter 7 Bankruptcy Petition No. 15-74084-AST in the United States Bankruptcy Court, Eastern District of New York (the "Bankruptcy Case") whereupon the automatic stay, imposed by 11 U.S.C. § 362(a), was triggered. *See* BKCY Dkt No. 1.

9. On November 23, 2015, the Debtor commenced the instant adversary proceeding 8-15-08034-AST (the "Adversary Proceeding") by removal of the Foreclosure Action from the State Court to this honorable Court. *See* AP Dkt No. 1.

10. On December 16, 2015, the Parties appeared before this honorable Court for a pre-trial conference of the Adversary Proceeding and status conference of the Bankruptcy Case. A copy of the transcript of said hearing is annexed hereto as **Exhibit** "**G**".

11. On December 17, 2015, this honorable Court issued the OSC wherein the Debtor was directed to show cause as to why it should not abstain from hearing the Adversary Proceeding and/or remand same to the State Court (*see* AP Dkt No. 6), to which the instant reply is submitted in support.

12. On January 27, 2016, the United States Trustee filed a motion seeking an Order converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing the Bankruptcy Case in its entirety (the "Motion to Dismiss"). *See* BKCY Dkt. No. 39.

## ARGUMENT

13. A district court may, in the interest of justice, or in the interest of comity with State courts or respect for State law, abstain from hearing a particular proceeding arising in or related to a case under title 11. *See* 28 U.S.C. § 1334(c)(1). With respect to said statute, this honorable Court has held that:

> When determining whether to permissively abstain, the Court considers one or more of the following twelve factors: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of [the court's] docket; (10) the

> likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *Int'l Tobacco Partners*, 462 B.R. at 392 (*quoting Wider*, 2009 WL 4345411, at *6–7). "Permissive abstention under Section 1334(c)(1) is within the sound discretion of the bankruptcy court." *In re Abir*, 2010 WL 1169929, at *7 (E.D.N.Y. Mar. 22, 2010); *see In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir.2002); *Wallace*, 2009 WL 3171767, at *2.

*In re Exeter Holding, Ltd.*, No. 11–77954, 2013 WL 1084548, at *3-4 (Bankr.E.D.N.Y. Mar. 14, 2013).

14. Pursuant to 28 U.S.C. § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." In analyzing said statute, this honorable Court has noted that:

> A court's decision to "remand is both permissible and advisable where a removed action was pending in state court prepetition and where the federal court has determined to abstain." *In re Exeter Holding, Ltd.*, No. 11–77954, 2013 WL 1084548, at *7 (Bankr.E.D.N.Y. Mar. 14, 2013) (*citing Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 582 (2d Cir.2011); *BGC Partners, Inc. v. G & E Acquisition Co., LLC*, 12 Civ. 6680, 2013 WL 238163, at *6–7 (S.D.N.Y. Jan. 18, 2013); *In re New 118th LLC*, 396 B.R. 885, 892–93 (Bankr.S.D.N.Y.2008)). The test under 28 U.S.C. § 1452(b) to determine whether to remand "on any equitable ground" is virtually the same as the test for permissive abstention under 28 U.S.C. § 1334(c)(1). *Id.* (noting that once a court has decided to permissively abstain from a removed action, the appropriate resolution is usually remand back to the state court) (*citing Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y.2011) ("the two inquiries are essentially the same and are often analyzed together"); *Whitney Lane Holdings, LLC v. Don Realty, LLC*, No. 08–cv–775, 2010 WL 1257879, at *7 (N.D.N.Y.2010)).

*In re Fierro*, 2015 WL 3465753, at *3 (Bankr.E.D.N.Y. May 29, 2015).

15. Here, there are several factors which weigh in favor of permissive abstention and remand of the Adversary Proceeding.

{V0310373.1}                                          -5-

16. Firstly, there would be no effect on the Debtor's bankruptcy estate if the instant Adversary Proceeding was remanded to State Court as the Debtor admittedly has no income and her schedules indicate an aggregate amount of debt which either exceeds or equates to the alleged value of her assets. *See* BKCY Dkt No. 17. As such and as noted by the Trustee in its Motion to Dismiss, "the Debtor is incapable of confirming a plan of reorganization." *See* BKCY Dkt No. 39, pp, 2 – 3.

17. Secondly, it is clear that the Trust's entitlement to its contractual foreclosure remedy, a clear state law issue, predominates over the bankruptcy issues, if any, that are present in the Adversary Proceeding. Indeed, at the December 16, 2015 hearing, this honorable Court posed the question to Debtor's counsel, "what's the bankruptcy issue in the case?" *See supra* ¶ 10, Ex. G at p. 12. It is respectfully submitted that the Debtor has failed to respond or even address said inquiry in her responsive papers. Accordingly, the degree of relatedness of the Adversary Proceeding to the Bankruptcy Case is slight, at best.

18. In addition, the nature of the applicable state law at issue in the Foreclosure Action is neither difficult nor unsettled. In fact, the Trust's entitlement to a Judgment of Foreclosure and Sale has already been determined in the Foreclosure Action. After the Debtor's Answer was deemed stricken in the Order Granting Summary Judgment, the Trust was granted leave to consummate the public auction of the Property in accordance with the Judgment of Foreclosure and Sale thereafter entered in its favor. *See supra* ¶¶ 2 – 3, Ex. A – B. As such, this honorable Court must abstain from hearing the Adversary Proceeding and remand same to the State Court as "any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman*

doctrine."[1] *Feinstein v. Chase Manhattan Bank*, No. 06 CV 1512, 2006 U.S. Dist. LEXIS 16507, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 4, 2006) (collecting cases); *see also McKay v. Sacks*, No. 05CV2307, 2005 U.S. Dist. LEXIS 43347, 2005 WL 1206810, at *2-3 (E.D.N.Y. May 20, 2005) (dismissing *pro se* plaintiff's action seeking to prevent foreclosure sale pursuant to the *Rooker-Feldman* doctrine).

19.     Finally, it is noteworthy that the Debtor does not even "oppose the remand of the Foreclosure Proceeding back to State Court" (*see* Dkt No. 43, ¶ 5) but rather solely seeks the continuation of the automatic stay herein.  It is well recognized that the Bankruptcy Code is to be availed by certain insolvent debtors to effectuate a "fresh start".  Its central purpose "is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659 (1991) (*quoting Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699 (1934)); *see also Eastern Refractories Co. Inc. v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir.1998) (citations omitted) (holding that the automatic stay is said to afford "debtors a 'breathing spell' from the collection process and enables them to attempt a repayment or reorganization plan to satisfy existing debt."  However, it has also been held that:

> The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors.

---

[1] Pursuant to the *Rooker-Feldman* doctrine, federal courts may not exercise subject matter jurisdiction over actions that seek appellate review of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The Second Circuit has established four requirements for applying the Rooker-Feldman doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite the federal court to review and reject that judgment; and (4) the state court must have rendered judgment before federal court proceedings commenced. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

*In re Casse*, 198 F.3d 327, 332 (2d Cir.1999) (*quoting In re Felberman*, 196 B.R. 678, 681 (Bankr.S.D.N.Y.1995). Even a cursory review of the factual background of the instant matter reveals that the Debtor's sole purpose in commencing the Bankruptcy Case was to avail herself of the automatic stay, imposed by 11 U.S.C. § 362(a), and avoid or at least delay the consummation of the public auction of the Property, rather than to reorganize her debt.[2] Due to the fact that the State Court has declined to provide the Debtor with temporary injunctive relief, that the Debtor has already received a discharge from the subject mortgage debt, and that the Bankruptcy Case was commenced mere days before the scheduled public auction of the Property (*see supra* ¶¶ 4 – 8, Ex. C – F), the Debtor's attempt to forum shop is obvious. Therefore, and on this equitable ground, it is respectfully submitted that this honorable Court must abstain from hearing the Adversary Proceeding and remand same to the State Court.

---

[2] As conceded in her own responsive papers, "[t]he Debtor filed this chapter 11 proceeding in order to employ the automatic stay . . . ." *See* Dkt No. 43, ¶ 1. And, on the record at the December 16, 2015 hearing, Debtor's counsel unequivocally stated "the Debtor filed this Chapter 11 bankruptcy to stay the foreclosure sale . . . ." *See supra* ¶ 10, Ex. G at p. 8.

{V0310373.1}                                -8-

## **CONCLUSION**

20. For the reasons set forth herein, the Trust respectfully requests that this honorable Court issue an Order abstaining from hearing the Adversary Proceeding and remanding same to the State Court.

Dated:     White Plains, New York
             February 11, 2016

                        Respectfully Submitted,

                        */s/ David V. Mignardi*
                        David V. Mignardi, Esq.
                        Eckert Seamans Cherin & Mellott, LLC
                        10 Bank Street, Suite 700
                        White Plains, New York 10606
                        T: (914) 949-2909
                        F: (914) 949-5424
                        dmignardi@eckertseamans.com

                        *Attorneys for Plaintiff-Secured Creditor*

                        *Deutsche Bank National Trust Company, as Trustee*
                        *for WaMu Mortgage Pass-Through Certificates Series*
                        *2006-ARS Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the within **REPLY BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-ARS TRUST TO THE DEBTOR'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** upon the person(s) listed below via First Class U.S. Mail, postage prepaid, this 11th day of February, 2016:

Jonathan S. Pasternak, Esq.
Julie Cvek Curley, Esq.
Delbello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue, 11th Floor
White Plains, New York 10601

Michael A Samuels, Esq.
Shapiro DiCaro & Barak LLC
One Huntington Quadrangle
Suite 3N05 Melville, NY 11747

United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

　　　　　　　　　　　　　　　　　　　　*/s/ David V. Mignardi*
　　　　　　　　　　　　　　　　　　　　David V. Mignardi